NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**PHYLLIS S. BATSON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-2408

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-323, Judge William S. Greenberg.

_____

Decided:  May 14, 2025

_____

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.  Also represented by KENNETH M. CARPENTER.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; EVAN SCOTT GRANT,

DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, TARANTO, and STARK, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Phyllis S. Batson served in the U.S. Air Force from 1963 to 1968. After surgery at a U.S. Department of Veterans Affairs (VA) hospital, he was blind in one eye and severely impaired in the other, and he sought disability benefits in August 1993 by filing a form titled "Veteran's Application for Compensation or Pension." The next month, the relevant regional office (RO) of VA awarded Mr. Batson a non-service-connected pension under 38 U.S.C. § 1521(a). The RO did not expressly address whether Mr. Batson had also raised a claim for service-connected compensation under 38 U.S.C. §§ 1110, 1114 or address any such claim.

Following a lengthy procedural history before the RO, Board of Veterans' Appeals (Board), and Court of Appeals for Veterans Claims (Veterans Court), this court determined that Mr. Batson's August 1993 submission implicitly raised an unadjudicated, *i.e.*, still pending, claim for special monthly pension under 38 U.S.C. § 1521(d)—a higher amount than the § 1521(a) pension—based on Mr. Batson's need for regular aid and attendance. *See Batson v. Shulkin*, 686 F. App'x. 878, 881 (Fed. Cir. 2017) (nonprecedential). The Veterans Court then remanded Mr. Batson's § 1521(d) pension claim to the Board and explained that Mr. Batson was "free to submit additional evidence and argument" and that "the Board must consider any such evidence or argument submitted." *Batson v. Shulkin*, No. 14-1916, 2017 WL 4570647, at *2 (Vet. App. Sept. 28, 2017).

In April 2018, Mr. Batson submitted arguments to the Board regarding his § 1521(d) pension claim. J.A. 155–56.

Additionally, Mr. Batson argued that his August 1993 submission to VA contained an unadjudicated, *i.e.*, still-pending, claim for service-connected compensation under § 1110, in amounts warranting special monthly compensation under § 1114(k)–(s) based on his need of regular aid and attendance, and that the Board was required to refer that matter to the RO for adjudication. J.A. 153–55; *see* 38 C.F.R. § 20.904(b). In August 2018, the Board remanded Mr. Batson's § 1521(d) pension claim to the RO, but it said nothing about compensation under §§ 1110 and 1114. J.A. 160–68. In September 2019, the RO granted Mr. Batson a special monthly pension under § 1521(d), with an August 1993 effective date. J.A. 169–74. Like the Board, the RO did not address compensation under §§ 1110 and 1114.

Mr. Batson appealed the September 2019 RO decision to the Board, arguing that the RO erred in not addressing his assertedly still-pending August 1993 claim for compensation for service-connected conditions under §§ 1110, 1114. J.A. 181–92. In September 2021, the Board dismissed Mr. Batson's appeal under 38 U.S.C. § 7105(d), which permits dismissal when an appeal "fails to identify the specific determination with which the claimant disagrees," reasoning that Mr. Batson, in his appeal, had "specified an issue that is not addressed by the September 2019 rating decision," so "the Board does not have jurisdiction" to adjudicate that issue. J.A. 194–95; *see* 38 U.S.C. § 7104. In June 2023, the Veterans Court adopted the same view of § 7105(d) and affirmed the Board's September 2021 dismissal. *Batson v. McDonough*, No. 22-0323, 2023 WL 4175304, at *2 (Vet. App. June 26, 2023).

On appeal before this court, Mr. Batson argues that the Board and Veterans Court misinterpreted § 7105(d) as precluding Board jurisdiction over an argument that the RO failed to address a claim. Batson Opening Br. at 10–17. We have jurisdiction to review Mr. Batson's challenge to the Veterans Court's interpretation of § 7105(d). *See Bean v. McDonough*, 66 F.4th 979, 987–88 (Fed. Cir. 2023)

(exercising jurisdiction to review Veterans Court's interpretation of § 7104 when "relevant facts [were] established by the unchallenged documentary record"); 38 U.S.C. § 7292(a), (c).

It is possible that the Board's and Veterans Court's view of Board authority is too limited. For example, it is unclear how that view squares with 38 C.F.R. § 20.904(b), which says that "[t]he Board *shall* refer to the agency of original jurisdiction for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the agency of original jurisdiction." 38 C.F.R. § 20.904(b) (emphasis added). That regulation appears to give the Board authority to act on some issues not yet adjudicated by the RO, perhaps including when the veteran points out such issues, not just when the Board identifies them sua sponte. If the regulation is valid, it may cast doubt on the interpretation of § 7105 "jurisdiction" reflected in the Board's September 2021 decision and the Veterans Court's June 2023 decision.

We need not decide the interpretive question, however, because we have not been shown that the answer to it would make a difference. All Mr. Batson seeks is a Board directive to the RO to adjudicate the assertedly still-pending August 1993 claim for service-connected compensation under §§ 1110 and 1114. But it has long been recognized by the Veterans Court that "the 'appropriate procedure' for a claimant who believes that his claim is unadjudicated is to pursue resolution of the claim by the regional office." *Cogburn v. Shinseki*, 24 Vet. App. 205, 215 n.5 (2010) (citing *DiCarlo v. Nicholson*, 20 Vet. App. 52, 56–57 (2006)). At oral argument, government counsel agreed that this procedure is available and indeed is the proper means for Mr. Batson to ask the RO to adjudicate his assertedly still-pending August 1993 claim and that use of that procedure, compared to securing the Board order he seeks in this appeal, would not impair his entitlement to an effective date

of August 1993 if otherwise warranted. Oral Arg. at 17:11–18:10, 19:34–19:56, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-408_05082025.mp3. In reliance on the availability of that procedure, we therefore affirm the Veterans Court's affirmance of the Board's dismissal.

The parties shall bear their own costs.

**AFFIRMED**